IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| RALPH GAUDINO, | : |
| Plaintiff, | : |
| v. | : |
| | : Case Action No. 18-cv-00930-TJK |
| SECURITAS SECURITY SERVICES USA, INC., et al. | : |
| Defendants. | : |

**PLAINTIFF'S MEMORANDUM REGARDING THIS COURT'S SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. SECTION 1332**

COMES NOW the Plaintiff, Ralph Gaudino, by and through his counsel, Joseph Cammarata, Esq., and the law offices of Chaikin, Sherman, Cammarata & Siegel P.C., and at the Court's request (Dkt. No. 14) hereby submits the following Memorandum regarding whether this Court has subject matter jurisdiction over the instant action under 28 U.S.C. Section 1332. As explained herein, the current record reflects that the Court does have diversity jurisdiction over this case.

1. In 2017, Defendant Mark Baker illicitly entered the premises of Plaintiff's workplace and assaulted Plaintiff, notwithstanding that Defendant Securitas Security Services USA, Inc. ("Securitas") was retained to secure the premises.

2. On January 31, 2018, Plaintiff filed suit against both Defendants in the Superior Court of the District of Columbia.

3. After being served with process, on April 20, 2018,

Defendant Securitas filed a Notice of Removal.  Dkt. No. 1.

4. Plaintiff concurs with Defendant Securitas at Paragraphs 5 to 7 of the Notice of Removal, *i.e.*, this Court has diversity jurisdiction because:

5.  Plaintiff is a citizen of the District of Columbia.

6.  Defendant Securitas is incorporated in Delaware and headquartered in New Jersey, and therefore is a citizen of each state.

7.  Furthermore, the current record reflects that Defendant Baker is a citizen of New York.  Plaintiff's Complaint, Dkt. No. 1-2, lists Defendant Baker's address as the main campus of American University, as Defendant Baker is a student at the school.  To that effect, see Plaintiff's Supplement to Affidavit of Service Concerning Mark Baker, and the attachments thereto, Dkt. No. 15.  In the process of locating Defendant Baker, in April of 2018, Plaintiff used a subpoena to obtain documents from American University, showing that Defendant Baker resided in a dorm room on campus but had a permanent address in New York (where Plaintiff ultimately served process).  Furthermore, as the original Affidavit of Service upon Defendant Baker states, Defendant Baker's father lived at Defendant Baker's permanent address as of June of 2018.  Dkt. No. 11.

8. Given the above facts, it is presumed that Defendant Baker

is a citizen of New York, in light of this Court's recent decision in *Nytes v. Trustify, Inc.*, 297 F. Supp. 3d 191 (2018). A person is a citizen of a state in which he is domiciled, and domicile is determined by "physical presence in a state, and intent to remain there for an unspecified or indefinite period of time." *Id.* at 198. It is therefore apparent that, at least as long as Defendant Baker was living in New York with his father, he was a citizen of that state. The only question is whether Defendant Baker became a citizen of the District of Columbia when he moved here to attend American University.

9. The evidence does not support that conclusion. "[C]ourts apply a presumption of continuing domicile, so that domicile in one place remains until domicile in a new place is established." *Id.* at 199 (quoting *Core VCT Plc v. Hensley*, 59 F. Supp. 3d 123, 126 (D.D.C. 2014)). The mere fact that Defendant Baker moved to the American University campus does not demonstrate a change of domicile, because "residence alone is insufficient to establish the citizenship necessary for [or to defeat] diversity jurisdiction." *Id.* (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). In particular, "[i]n assessing the intent of college students, '[i]t is generally presumed that a student who attends a university in a state other than the student's home state intends to return home on completion

3

of studies.'"  *Id.* (quoting 6 James Wm. Moore, et al., Moore's Federal Practice § 102.35[6] (3d ed. 1999)).  That presumption is rebuttable, *id.*, but there is no evidence to that effect in the record.

10.  Accordingly, the current record reflects that no two parties are citizens of the same state.  Therefore, this Court has diversity jurisdiction over the case, under 28 U.S.C. Section 1332.

Respectfully submitted,

**CHAIKIN, SHERMAN, CAMMARATA & SIEGEL, P.C.**

/s/ Joseph Cammarata
Joseph Cammarata, Esquire
D.C. Bar #389254
1232 17th Street, N.W.
Washington, D.C. 20036
(202) 659-8600
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Memorandum Regarding This Court's Subject Matter Jurisdiction Under 28 U.S.C. Section 1332 was served via CM/ECF upon James Willard Walker, Esq., and mailed, first-class postage prepaid, this 9th day of November, 2018, to:

        Mark Baker
        57 Crosshill Road
        Mahopac, New York 10541

            /s/ Joseph Cammarata
            Joseph Cammarata