# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RALPH GAUDINO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-cv-00930-TJK |
| | ) | |
| SECURITAS SECURITY SERVICES USA, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARK W. BAKER | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SECURITAS SECURITY SERVICES USA, INC.'S
REPLY MEMORANDUM REGARDING THIS COURT'S SUBJECT MATTER
JURISDICTION UNDER 28 U.S.C. SECTION 1332**

Defendant Securitas Security Services USA, Inc. ("Securitas"), by counsel, submits the following memorandum in reply to Plaintiff's Memorandum Regarding This Court's Subject Matter Jurisdiction Under 28 U.S.C. Section 1332, as directed by this Court. Plaintiff concurs with Securitas' assessment that this Court has diversity jurisdiction over this case. Plaintiff's Memorandum, ¶4. In further support, Securitas states as follows:

1. Plaintiff filed this action in the Superior Court of the District of Columbia on January 31, 2018. Securitas was served on March 26, 2018. Securitas timely removed the matter to this Court on April 20, 2018, under 28 U.S.C. §§ 1332 and 1441. Dkt. No. 1.

2. Plaintiff is a citizen of the District of Columbia. Plaintiff's Memorandum, ¶5.

1

3. Securitas is organized under the laws of the state of Delaware and has its principle place of business in Parsippany, New Jersey, making it a citizen of both states for diversity jurisdiction purposes.

4. The Court requested Plaintiff and Securitas to submit memoranda addressing the citizenship of Defendant Mark Baker and whether the Court can accordingly exercise diversity jurisdiction over this case.  Minute Order Nov. 2, 2018.

5. For diversity purposes, an individual is a citizen of a state in which he is domiciled.  *Nytes v. Trustify, Inc.*, 297 F. Supp. 3d 191, 199 (D.D.C. 2018).  Domicile is determined by whether the individual has "physical presence in a state, and intent to remain there for an unspecified or indefinite period of time."  *Id*.  As this Court recently observed, a college student attending school out of state is presumed to intend to return home following his studies, and so is not considered a domiciliary of the state in which he attends school.  *Id.* at 199–200.

6. In records subpoenaed from American University and delivered to Plaintiff on April 17 and April 19, 2018, Baker is listed as a student at American University and currently enrolled in classes.  Supplement to Affidavit of Service, Dkt. No. 15.  This indicates that Baker was a student at the time the suit was filed and at the time of removal.

7. These same records indicate that Baker's permanent address is 57 Crosshill Road, Mahopac, New York 10541.  *Id.*  It was at this address that Plaintiff completed substituted service of the Complaint on Baker's father, who resides at that address.  Affidavit of Service, Dkt. No. 11.

8. Factors considered in determining one's domiciliary status include the state in which one registers to vote and votes, registers a vehicle, pays taxes, owns real property, opens a bank account, or obtains a driver's license.  *See Nytes*, 297 F. Supp. 3d at 201; *Core VCT Plc v.*

*Hensley*, 59 F. Supp. 3d 123, 126 (D.D.C. 2014).  There is no evidence or even claim that Baker has done any of these things in the District of Columbia.

9. Therefore, in the absence of evidence rebutting the presumption that Baker remained domiciled in New York after enrolling at American University, he is considered a citizen of New York for diversity purposes.  *See Nytes*, 297 F. Supp. 3d at 199.  No evidence currently in the record demonstrates an intent on Baker's part to change his domicile from New York to the District of Columbia on or before the date of removal.

10. With no parties to this suit being citizens of the same state and the amount in controversy exceeding $75,000, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.[1]

                                      Respectfully submitted,

                                      **SECURITAS SECURITY SERVICES USA, INC.**

                                      By: _____/s/ James W. Walker_____
                                                  Counsel

James W. Walker, Esq. (495552)
VANDEVENTER BLACK LLP
Riverfront Plaza – West Tower
901 E. Byrd Street, Suite 1600
Richmond, VA 23219
Telephone: (804) 237-8800
Fax: (804) 237-8801
jwalker@vanblacklaw.com
*Counsel for Defendant Securitas Security Services USA, Inc.*

---

[1] Securitas takes no position on whether service of process is effective at Baker's family home in New York.  One's domicile for diversity purposes and one's "usual place of abode" under Rule 5(b)(2)(B)(ii) may or may not be the same place.

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record:

Joseph Cammarata, Esq.
1232 17th Street, N.W.
Washington, D.C. 20036
*Counsel for Plaintiff*

And mailed to:

Mark W. Baker
57 Crosshill Road
Mahopac, New York 10541

              _____/s/ James W. Walker_____
              Counsel for Securitas Security Services USA, Inc.