**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Ralph Gaudino** | ) |
| | ) |
| v. | ) |
| | )   **Case No. 1:18-CV-00930-TJK** |
| **Securitas Security Services, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT MARK BAKER'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS AGAINST PLAINTIFF RALPH GAUDINO**

Comes now Defendant Mark Baker, by and through undersigned counsel, and respectfully files his Answer to Plaintiff's Complaint as follows.

Count 1
(Assault and Battery)

1) Mr. Baker admits that this Court has subject-matter jurisdiction over the matter at issue.

2) Mr. Baker admits that on or about February 11, 2017, Plaintiff Ralph Gaudino was at the NBC office building located at 4001 Nebraska Avenue, N.W., in Washington, DC.  Mr. Baker lacks knowledge or information sufficient to admit or deny the remaining factual allegations in paragraph 2.

3) Mr. Baker lacks knowledge or information sufficient to admit or deny the allegations in paragraph 3.

4) Mr. Baker admits that on or about February 11, 2017, he was naked and banged on the glass windows and doors at the entrance to the NBC office building.  Mr. Baker further admits that he had a confrontation with a security official during which Mr. Baker stole his security badge.  Mr. Baker admits that he then used that security badge to open a secure door and enter the NBC office building.  Mr. Baker lacks knowledge or information sufficient to admit or deny the remaining factual allegations in paragraph 4.

5) Mr. Baker admits that Mr. Gaudino was in a hallway of the NBC office building. Mr. Baker further admits that Plaintiff restrained him until police arrived, and that while Plaintiff was restraining him, Mr. Baker bit Plaintiff. Mr. Baker denies the remaining factual allegations in paragraph 5.

6) Paragraph 6 states conclusions of law to which no response is required. To the extent a response is required, Mr. Baker denies in the allegations in paragraph 6.

Count II<br>(Intentional Infliction of Emotional Distress)

7) Mr. Baker denies the allegations in paragraph 7.

8) Paragraph 8 states conclusions of law to which no response is required. To the extent a response is required, Mr. Baker denies the allegations in paragraph 8.

## **AFFIRMATIVE DEFENSES**

1) Any allegation contained herein that is not expressly admitted is affirmatively denied.

2) Plaintiff's claims are barred, in whole or in part, because Mr. Baker acted in self-defense.

3) Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

4) Plaintiff's damages, if any, were caused in whole or in part, or were contributed to by reason of the wrongful conduct of Plaintiff.

5) Mr. Baker denies that Plaintiff has been damaged in the amount and to the extent alleged.

6) Mr. Baker denies that he is liable to Plaintiff for any of the damages alleged in the Complaint for any of the reasons alleged therein.

7) Mr. Baker denies that his conduct warrants punitive damages in any amount.

8) Mr. Baker reserves the right to rely upon such other affirmative defenses as may become known to him up to, and including the time of trial.

**JURY DEMAND**

Pursuant to Fed. R. Civ. Pro. 38, Mr. Baker hereby requests a trial by a jury of his peers on all issues so triable.

**DEFENDANT'S COUNTERCLAIMS**

Defendant/Counter-Plaintiff Mark Baker hereby brings the following Counterclaims against Plaintiff/Counter-Defendant Ralph Gaudino.

Parties and Jurisdiction

1) This Court has jurisdiction over Plaintiff/Counter-Defendant's original complaint pursuant to 28 U.S.C. § 1332, because the parties are completely diverse and the amount in controversy exceeds $75,000.

2) Jurisdiction over these counterclaims is thus is proper pursuant to 28 U.S.C. § 1367(a)-(b).

Facts Common to All Counts

3) On or about February 11, 2017, Defendant/Counter-Plaintiff Mark Baker gained entry to the NBC office building located at 4001 Nebraska Avenue, N.W., in Washington, DC.

4) At some point in the evening, Plaintiff/Counter-Defendant Ralph Gaudino went to the men's bathroom that was set back off of one of the building's hallways.  As Plaintiff/Counter-Defendant was leaving the bathroom, he noticed Mr. Baker running down the hallway in Mr. Gaudino's direction.

5) As Mr. Baker got close to Plaintiff/Counter-Defendant, Plaintiff/Counter-Defendant tackled Mr. Baker.  Once on the ground, Plaintiff/Counter-Defendant placed his knees on either side of Mr. Baker's body, sitting on him, and held both of Mr. Baker's arms down with his hands.

6) Mr. Baker repeatedly demanded that Plaintiff/Counter-Defendant let him go, but Plaintiff/Counter-Defendant refused to do so.

## Count I
### (Assault and Battery)

7) The allegations in paragraphs one through six are incorporated by reference as if set forth in full herein.

8) By forcefully bringing Mr. Baker to the ground against his will, Plaintiff/Counter-Defendant engaged in intentional, unpermitted, harmful and offensive contact for which he had no legal justification.

9) As a result of Plaintiff/Counter-Defendant's actions, Mr. Baker was is entitled to damages in an amount to be determined at trial.

## Count II
### (False Imprisonment)

10) The allegations in paragraphs one through nine are incorporated by references as if set forth in full herein.

11) When Plaintiff-Counter-Defendant sat on top of Mr. Baker and refused to allow him to get up off the ground, he did so without legal justification.

12) As a result of these actions, Mr. Baker is entitled to damages in an amount to be determined at trial.

## Count III
### (Intentional Infliction of Emotional Distress)

13) The allegations in paragraphs one through 12 are incorporated by reference as if set forth in full herein.

14) In tackling Mr. Baker and holding him down on the ground against his will, Plaintiff-Counter-Defendant intentionally or recklessly engaged in extreme and outrageous conduct.

15) Consequently, Mr. Baker suffered severe emotional distress and he is entitled to damages

in an amount to be determined at trial.

Prayer for Relief

WHEREFORE, Mr. Baker demands judgment against Plaintiff-Counter-Defendant for compensatory damages for all harms suffered, as well as punitive damages in an amount to be determined at trial, attorney's fees and costs, and any other relief the Court deems just and proper.

Jury Demand

Pursuant to Fed. R. Civ. Pro. 38, Mr. Baker hereby requests a trial by a jury of his peers on all issues so triable.

                Respectfully Submitted,

                _____/s/_____
                Kristin L. McGough, DC Bar No. 991209
                400 Fifth Street, N.W.
                Suite 350
                Washington, DC 20001
                (202) 681-6410 (t)
                (866) 904-4117 (f)
                kristin@kmcgoughlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of January 2019, I caused a copy of the foregoing to be delivered via the Court's electronic filing system to all counsel of record.

                                                              _____/s/_____
                                                               Kristin L. McGough