IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| RALPH GAUDINO, | : |
| Plaintiff, | : |
| v. | : Case Action No. 18-cv-00930-TJK |
| SECURITAS SECURITY SERVICES USA, INC., et al. | : |
| Defendants. | : |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Ralph Gaudino, by and through his attorneys, Joseph Cammarata, Esquire, and the law firm of Chaikin, Sherman, Cammarata, & Siegel, P.C., and respectfully represents as follows:

## COUNT I
(Assault and Battery)

1. This Court has jurisdiction over the within cause of action in that the incident complained of herein occurred in the District of Columbia.

2. On or about February 11, 2017, at approximately 11:12 p.m., Plaintiff Ralph Gaudino was lawfully and properly present at his place of employment, the NBC office building located at 4001 Nebraska Avenue, N.W., in Washington, D.C., (hereinafter "the NBC office building").

3. At all relevant times herein, Defendant Securitas Security Services USA, Inc., (hereinafter "Securitas Security"), acting by and through its agents, servants, or employees, provided security and public safety services at and in the NBC office building.

**Exhibit A**

4. At said time and place, Defendant Mark Baker, who was naked and enraged, attempted to enter the NBC office building by banging on the glass windows and doors. An agent, servant, and/or employee of Defendant Securitas Security negligently left his post, exited through a secure door with his security badge, and attempted to confront Defendant Mark Baker. Defendant Mark Baker attacked Defendant Securitas Security's security guard, disabled him, and stole his security badge. With this badge, Defendant Mark Baker was able to open the secured door and enter the NBC office building.

5. At said time and place, Plaintiff Ralph Gaudino was walking in a hallway of the NBC office building when Defendant Mark Baker, without just cause or provocation and with unnecessary, unreasonable, wanton, reckless, malicious, and intentional use of force, physically attacked Plaintiff Ralph Gaudino with the intent of inflicting severe bodily harm on the Plaintiff, and causing him severe mental distress. Plaintiff Ralph Gaudino was able to restrain Defendant Mark Baker until authorities were called and arrived to secure the scene. During the attack Defendant Mark Baker bit Plaintiff Ralph Gaudino on his left arm while screaming, "I have AIDS, and I hope you die." Plaintiff later learned at the hospital that Defendant Mark Baker was in fact HIV positive, causing Plaintiff further severe emotional distress.

6. As a direct and proximate result of the aforesaid assault and battery, Plaintiff Ralph Gaudino was put in reasonable apprehension of imminent bodily injury and suffered injuries and damages, including, but not limited to: posttraumatic stress disorder, anxiety, a puncture wound, bruises, and multiple scratches; he has incurred and will continue to incur medical and hospital expenses in an effort to care for his injuries; he has suffered and will in the future suffer a loss of earnings and earning capacity; and he has suffered and will in the future suffer great pain of body and mind all of which may be permanent in nature.

WHEREFORE, Plaintiff Ralph Gaudino demands judgment of and against Defendant Mark Baker, in the full amount of Three Million Dollars ($3,000,000.00), in compensatory damages, and Five Million Dollars ($5,000,000.00), in punitive damages, plus pre-judgment interest and costs.

## COUNT II
(Intentional Infliction of Emotional Distress)

Plaintiff repleads and incorporates by reference herein, each and every allegation set forth above, and further states as follows:

7. At said time and place, Defendant Mark Baker, did by extreme, outrageous, intentional, willful, malicious and/or reckless conduct, physically assault, humiliate, embarrass, shock, scar, batter, and frighten Plaintiff Ralph Gaudino, as set forth above.

8. As a direct and proximate result of the aforesaid extreme, outrageous, intentional, willful, malicious, and reckless conduct of Defendant Mark Baker, Plaintiff Ralph Gaudino suffered, and will continue to suffer, inter alia, severe emotional distress, mental anguish, embarrassment, and humiliation, all of which are permanent in nature.

WHEREFORE, Plaintiff Ralph Gaudino demands judgment of and against Defendant Mark Baker, in the full amount of Three Million Dollars ($3,000,000.00), in compensatory damages, and Five Million Dollars ($5,000,000.00), in punitive damages, plus pre-judgment interest and costs.

## COUNT III
(Negligence – *Respondeat Superior*)

Plaintiff repleads and incorporates by reference herein, each and every allegation set forth above, and further states as follows:

9. At all relevant times herein, Defendant Securitas Security, acting by and through its agents, servants, and/or employees, including but not limited to two who were stationed in the NBC office building, owed a continuing duty to, <u>inter alia</u>, reasonably ensure that intruders and/or persons exhibiting menacing and/or unstable behavior did not obtain access to the NBC office building, reasonably ensure the safety of persons in the NBC office building; reasonably ensure that persons in the NBC office building were not subjected to physical force; and reasonably ensure that sufficient security personnel and procedures were in place to prevent foreseeable risks of harm and/or protect persons in the NBC office building from foreseeable risks of harm.

10. Defendant Securitas Security, acting by and through its agents, servants, and/or employees, breached the duties owed to the Plaintiff by, inter alia, allowing Plaintiff Ralph Gaudino to be subjected to physical force, causing him to be attacked and bitten; failing to reasonably ensure that persons in the NBC office building were not subjected to physical force; failing to reasonably ensure that all security and/or public safety personnel remained at their security posts; failing to reasonably ensure that security posts were not left unattended; failing to ensure that a reasonable and adequate security plan was established and complied with by all personnel; failing to reasonably ensure that intruders and/or persons exhibiting menacing and/or unstable behavior were not able to obtain access to the NBC building; failing to reasonably ensure that security badges were not stolen; failing to timely call 9-11; failing to warn persons in the building, including Plaintiff, of the security risk posed by Defendant Mark Baker; failing to reasonably ensure that security risks, issues, and/or incidents were addressed in a reasonable and safe manner and in a manner that did not put persons in the NBC office building at risk of harm; and failing to reasonably ensure that sufficient security personnel and

procedures were in place to protect persons in the NBC office building from foreseeable risks of harm and/or prevent foreseeable risks of harm, in particular the foreseeable risk of harm posed by Defendant Mark Baker; all of which caused Plaintiff Ralph Gaudino to suffer injuries and damages, as set forth in paragraphs 6 and 8, above.

WHEREFORE, Plaintiff Ralph Gaudino demands judgment of and against Defendant Securitas Security Services USA, Inc., in the full amount of Three Million Dollars ($3,000,000.00), plus pre-judgment interest and costs.

### COUNT IV
(Negligent Training)

Plaintiff repleads and incorporates by reference herein, each and every allegation set forth above, and further states as follows:

11. At all relevant times herein, Defendant Securitas Security owed a continuing duty to reasonably train its agents, servants, and/or employees who were stationed in the NBC office building, to, <u>inter alia</u>, provide and maintain a safe environment for persons in the NBC office building including Plaintiff, and protect said persons from foreseeable risks of harm and/or prevent foreseeable risks of harm.

12. Defendant Securitas Security breached the duties owed to the Plaintiff by failing to reasonably train said agents, servants, and/or employees. Defendant Securitas Security failed to train said agents, servants, and/or employees, in multiple respects, including but not limited to the following:

   a. Failure to train on when to call 9-11 for help, in the face of a security threat;

   b. Failure to train on how and when to use the electronic door-locking system in the building to keep would-be intruders from entering the building, and/or from penetrating further once inside the building;

c. Failure to train on when to use force, and what level of force to use, to repel and/or subdue intruders;

d. Failure to train on how and when to use the building's internal "blue light" alarm system and/or intercom, for the purpose of warning persons in the building (such as Plaintiff) of the presence of a security threat;

e. Failure to otherwise give site-specific training on maintaining the security of the NBC office building; and

f. Failure to train how to carry out said agents', servants', and/or employees' post orders.

13. Defendant Securitas Security knew or should have known that, having failed to provide the training set forth above, its agents, servants, and/or employees stationed in the NBC office building were unable to competently perform their job, and it was foreseeable that persons inside the building would be harmed as a result.

14. As a direct and proximate result of Defendant's aforesaid negligent failure to train, said agents, servants, and/or employees failed to timely call 9-11 for help; failed to use the building's electronic door-locking system to prevent Defendant Mark Baker from entering the building and/or from penetrating further into the building once inside; failed to use force and/or a sufficient level of force to repel and/or subdue Defendant Mark Baker; failed to use the building's internal "blue light" alarm system and/or intercom to warn Plaintiff of the threat posed by Defendant Mark Baker; and otherwise failed to protect Plaintiff from Defendant Mark Baker; all of which caused Plaintiff Ralph Gaudino to suffer injuries and damages, as set forth in paragraphs 6 and 8, above.

WHEREFORE, Plaintiff Ralph Gaudino demands judgment of and against the Defendant Securitas Security Services USA, Inc., in the full amount of Three Million Dollars ($3,000,000.00), plus pre-judgment interest and costs.

Respectfully submitted,

**CHAIKIN, SHERMAN, CAMMARATA & SIEGEL, P.C.**

<u>/s/ Joseph Cammarata</u>
Joseph Cammarata, Esquire
D.C. Bar No. 389254
1232 Seventeenth Street, N.W.
Washington, D.C. 20036
Tel: (202) 659-8600
Fax: (202) 659-8680
joe@dc-law.net
*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury as to all issues triable herein.

<u>/s/ Joseph Cammarata</u>
Joseph Cammarata